UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SABRINA DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 23-cv-14160 ) ) Judge April M. Perry |
| PETE'S FRESH MARKET 4700 CORPORATION; JAMES DREMONAS; NICHOLAS HOIDAS; ALITA BENZANIS; ISABEL SANCHEZ; VERONICA ACUNA, | ) ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff Sabrina Davis, proceeding *pro se*, brings this employment discrimination action against Defendants Pete's Fresh Market 4700 Corporation ("Pete's"), James Dremonas, Nicholas Hoidas, Alita Benzanis, Isabel Sanchez, and Veronica Acuna (collectively, "Defendants"). Defendants move to dismiss all of Plaintiff's claims under Rule 12(b)(6) for failure to state a claim.[1] For the following reasons, Defendants' motion to dismiss under Rule 12(b)(6) is granted in part and denied in part.

**BACKGROUND**

As is appropriate in deciding a motion to dismiss, the Court accepts the following facts in Plaintiff's complaint as true and views them in the light most favorable to her. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

---

[1] Defendants Pete's and Isabel Sanchez also moved to dismiss under Rule 12(b)(5) for insufficient service of process. The Court previously denied dismissal on these grounds as to both these Defendants. *See* Doc. 27; 32.

Plaintiff is a bi-racial woman of Asian national origin who was around forty-eight years old when she began working at Pete's in April 2020. Doc. 1 ¶¶ 15-16, 57. While employed at Pete's, Plaintiff was repeatedly subjected to unwelcome lewd and suggestive remarks and degrading sexual innuendos by Nicholas Hoidas, a manager at Pete's. *Id*. ¶¶ 11, 19-20. Hoidas's harassment would persist for long time periods over multiple days. *Id.* ¶ 21. Plaintiff also alleges that she was subjected to "verbal propositions" by Hoidas's superior. *Id.* ¶ 36. Plaintiff alleges she was denied promotions and trainings that went instead to younger employees of a different race, and also that she did not receive the salary or benefits she should have based upon her responsibilities and performance. *Id*. ¶¶ 15, 26-27. During her time at Pete's, Plaintiff shared her concerns regarding the discrimination and harassment she faced. *Id*. ¶¶ 46-47. However, no improvements were made, as James Dremonas, then-President of Pete's, failed to investigate or stop the complained-of conduct. *Id.* ¶¶ 22, 25-26. In the spring of 2022, Plaintiff began the process of filing a charge against Pete's with the Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 38. A few months later, in June 2022, she was removed from the work schedule, and she was ultimately terminated. *Id*. ¶¶ 16, 47. On June 27, 2023, the EEOC issued Plaintiff a Notice of Right to Sue. *Id.* ¶ 18.

On September 26, 2023, Plaintiff filed this civil case alleging seven counts of employment discrimination against Defendants. Doc. 1. Counts I, II, and III assert claims for harassment, retaliation, and discrimination on the grounds of age, race, and sex under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"). Counts IV and V assert violations of Plaintiff's First Amendment rights. Count VI asserts a claim under 42 U.S.C. § 1981, and Count VII asserts a claim of intentional infliction of emotional distress under Illinois law. Defendants seek dismissal of all counts.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A complaint in federal court "pleads claims, not facts," and though the claim must be plausible, a plaintiff does not have to provide specific details about how the claim will be proved. *Graham v. Bd. of Educ. of the City of Chicago*, 8 F.4th 625, 627 (7th Cir. 2021) (holding that in an employment discrimination case "it is enough for a plaintiff to assert that she was treated worse because of protected characteristics"). The purpose of this standard is to ensure that a complaint provides defendants with "sufficient notice to enable [them] to begin to investigate and prepare a defense." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (pleadings must "give the defendant fair notice of what the claim is and the grounds upon which it rests").

Plaintiff proceeds *pro se,* and "district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim." *Donald v. Cook Cty. Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996); *see also Palmer v. City of Decatur*, 814 F.2d 426, 428–29 (7th Cir.1987) (it is the "well-established duty of the trial court to ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration."). To liberally construe the pleadings is "to give a *pro se* plaintiff a break when, although [s]he stumbles on a technicality, h[er] pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir.1998).

ANALYSIS

Plaintiff brings claims against Defendants for violations of Title VII and the ADEA, the First Amendment, 42 U.S.C. § 1981, and the state law tort of intentional infliction of emotional distress. Defendants challenge the sufficiency of Plaintiff's allegations as to all her claims.

I. Title VII and the ADEA

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "[T]he term 'discriminate against' refers to 'distinctions or differences in treatment that injure protected individuals'" and may encompass a variety of practices. *Bostock v. Clayton County, Georgia*, 590 U.S. 644, 681 (2020) (citation omitted). Discrimination on the basis of age is prohibited by the Age Discrimination in Employment Act.[2] 29 U.S.C. § 623(a); *see also Wrolstad v. Cuna Mut. Ins. Soc'y*, 911 F.3d 450, 454 (7th Cir. 2018) ("The ADEA protects workers 40 years of age and older from age-based employment discrimination.").

Defendants move to dismiss Plaintiff's Title VII and ADEA claims on two grounds. First, they assert that Plaintiff's claims against individual defendants must be dismissed because Title VII and the ADEA do not permit individual liability. Second, Defendants argue that Plaintiff fails to allege sufficient factual details about the supposed harassment, discrimination, and retaliation she faced.

---

[2] Plaintiff does not specifically cite the ADEA in her causes of action. However, a *pro se* litigant's "complaint need not point to the appropriate statute or law in order to raise a claim for relief." *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1134 (7th Cir. 1992). Because Plaintiff asserts that she seeks redress for age-based discrimination, the Court will analyze whether she has adequately pled claims under the ADEA.

a. **Individual liability under Title VII and the ADEA**

Defendants seek to dismiss Plaintiff's Title VII and ADEA claims against the five individual defendants because neither statute permits individual or supervisor liability. The Court agrees that employees cannot be held individually liable for Title VII and ADEA violations because individuals do not meet the statute's definition of "employer." 42 U.S.C. § 2000e(b) (defining employer as "a person engaged in an industry affecting commerce who has fifteen or more employees"); *see Williams v. Banning*, 72 F.3d 552, 554-55 (7th Cir. 1995) (no Title VII liability for defendants that do not meet statute's definition of "employer"); *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279-82 (7th Cir. 1995) (noting that the individual liability analysis is the same for Title VII and ADEA claims). As such, the Court grants Defendants' motion to dismiss Plaintiff's Title VII and ADEA claims against all individual defendants. Because this is not an issue that can be addressed through an amended complaint, the dismissal of these claims is with prejudice.

b. **Sufficiency of the allegations**

The Court turns to whether Plaintiff has sufficiently alleged Title VII and ADEA claims against Pete's, the sole non-individual defendant in this action. All Plaintiff must do to state a Title VII or ADEA claim is identify "the type of discrimination the plaintiff thought occurred, by whom, and when." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833 (7th Cir. 2015) (cleaned up). This is a "minimal pleading standard." *Tamayo*, 526 F.3d at 1084 (citation omitted). The reason for this is that "[e]mployers are familiar with discrimination claims and know how to investigate them," and so a complaint need not allege much to put defendants on notice of the claims against them. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014). That is, to survive dismissal, Plaintiff is not required to allege evidence or meet

5

the heightened standards required for her to prevail at summary judgment or later stages of litigation. *Id.*

### i. Harassment

Plaintiff asserts she was harassed while working at Pete's on the basis of her "age, race, and sex." Doc. 1 ¶ 35-36. To plead a claim of sexual harassment against Pete's, Plaintiff must allege that "(1) she endured unwelcome sexual harassment; (2) she was harassed because of her sex; (3) the harassment was so severe or pervasive that it altered the conditions of employment and created a hostile work environment; and (4) there is a basis for employer liability." *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 928 (7th Cir. 2017). Age- and race-based harassment claims are also actionable under the ADEA and Title VII, respectively. *See Stamey v. Forest River, Inc.*, 37 F.4th 1220, 1226 (7th Cir. 2022) (recognizing, at summary judgment, the viability of claims for age-based harassment); *Mason v. Southern Ill. Univ. at Carbondale*, 233 F.3d 1036, 1043 (7th Cir. 2000) (same pleading standard for harassment based on race).

The Court starts with Plaintiff's sexual harassment claim. Plaintiff avers that Nicholas Hoidas, a manager at Pete's, made lewd and sexually suggestive remarks to her, and that this occurred for long periods of time over multiple days. Doc. 1 ¶¶ 11, 19-21. Plaintiff further alleges that Hoidas's superior verbally propositioned her. *Id.* ¶ 36. This plainly alleges the first two elements. It also satisfies the third, as "it is premature at the pleadings stage to conclude just how abusive [plaintiff's] work environment was." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 834 (7th Cir. 2015). Defendants cite *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986) to suggest the harassment Plaintiff suffered was not severe or substantial enough to be actionable. But at the pleading stage, a Title VII plaintiff can survive dismissal without showing "that the harm incurred was 'significant.'" *Thomas v. JBS Green Bay,*

6

*Inc.*, 120 F.4th 1335, 1337 (7th Cir. 2024), citing *Muldrow v. St. Louis*, 601 U.S. 346, 355 (2024). Moreover, as *Meritor* was decided on appeal from final judgment, it does not speak to the relevant standard for a motion to dismiss. *See Carlson*, 758 F.3d at 827 (noting that it is improper to rely on summary judgment decisions at the Rule 12(b)(6) stage).

To state her claim, Plaintiff must also allege a basis for employer liability. *Nischan*, 865 F.3d at 928. When harassment is perpetrated by a plaintiff's supervisor, an employer will be held strictly liable. *Vance v. Ball State Univ.*, 646 F.3d 461, 469 (7th Cir. 2011). "[A] supervisor is one with the power to directly affect terms and conditions of the plaintiff's employment." *Nischan*, 865 F.3d at 930 (quotations omitted). Alternatively, if the harassment was perpetrated by coworkers without supervisory authority, the employer can be held liable only on allegations that the employer was "negligent either in discovering or remedying the harassment." *Vance*, 646 F.3d at 470. Pete's knowledge of and inadequate response to harassment can be shown, for instance, by allegations that the employer did not respond after the plaintiff made a "concerted effort to inform the employer that a problem exists." *Hrobowski v. Worthington Steel Co.*, 358 F.3d 473, 478 (7th Cir. 2004).

Under either of the two above standards, Plaintiff alleges a basis for Pete's liability. The alleged harasser here is Nicholas Hoidas and Hoidas's manager, and so if they had supervisory authority over Plaintiff, Pete's is strictly liable for their conduct. Plaintiff alleges she worked at Pete's as a cashier and that Hoidas was an employee-manager Doc. 1 ¶¶ 11, 15. These are Plaintiff's only allegations to support the inference Hoidas was her direct supervisor. Nonetheless, they are enough for the Court to draw the reasonable inference that Hoidas had supervisory authority over Plaintiff, which would allow her to pursue a strict liability case against Pete's based on Hoidas's conduct. But in any event, even if Hoidas lacked supervisory

7

authority over her, Plaintiff has still alleged enough to state a claim against Pete's. She alleges raising concerns about discrimination but that no supervisors or managers at Pete's—up to and including its president, James Dremonas—paid attention or took steps to investigate or stop the wrongful acts. *Id.* ¶¶ 22, 25-26, 46-47. At the pleading stage, that is enough to make it plausible that Plaintiff made a "concerted effort" to inform Pete's about on-the-job harassment she suffered. *Hrobowski*, 358 F.3d at 478.

Defendants assert that Plaintiff's harassment claims must be dismissed because she "does not identify the dates, frequency, or nature of alleged incidents to show she has a plausible and timely claim of harassment." Doc. 23 at 5. However, Plaintiff need not allege factual specifics to meet the "undemanding standard" for Title VII notice pleading. *Tate v. SCR Medical Transp.*, 809 F.3d 343, 346 (7th Cir. 2015); *see also Tamayo*, 526 F.3d at 1081 (complaint that puts defendant on fair notice of a claim "need not allege all, or *any*, of the facts logically entailed by the claim and it certainly need not include evidence."). Defendants seek support in Title VII cases decided at or after the summary judgment phase. *See* Doc. 23 at 4-5, citing *Whittaker v. N. Illinois Univ.*, 424 F.3d 640 (7th Cir. 2005) (appeal from summary judgment); *Cerros v. Steel Techs., Inc.*, 288 F.3d 1040 (7th Cir. 2002) (appeal from final judgment); *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57 (1986) (same). These cases are inapposite because to survive 12(b)(6) dismissal, Plaintiff need not meet the more demanding evidentiary standards required for her to prevail at later stages of litigation. *Carlson*, 758 F.3d at 827.

Defendants' argument that Plaintiff's claims are untimely merits some further discussion. Before filing a private suit, an employee who believes she has been discriminated against based on her protected status must submit a charge with the EEOC within a certain amount of time of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Once the EEOC issues the

8

employee a notice of right-to-sue based on her charge, she has 90 days to file her private civil action. 42 U.S.C. § 2000e-5(f)(1). This 90-day clock "begins to run on the date on which a claimant actually receives from the EEOC [her] notice of right-to-sue." *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1312 (7th Cir. 1984).

A defendant in an employment discrimination action may raise the employee's failure to timely file as an affirmative defense. *Del Korth v. Supervalu, Inc.*, 46 Fed.Appx. 846, 848 (7th Cir. 2002). Affirmative defenses are typically not grounds for 12(b)(6) dismissal unless "the allegations of the complaint … set forth everything necessary to satisfy the affirmative defense." *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008). Here, Plaintiff does not allege the precise dates of harassing incidents, so there is no basis to conclude her EEOC charge was untimely. The Court notes that Plaintiff's EEOC complaint was filed on November 16, 2022, less than 180 days after her termination. As such, the Court will not dismiss the complaint on grounds of untimeliness under 42 U.S.C. § 2000e-5(e)(1).

As for the 90-day clock, Plaintiff alleged that the EEOC issued her notice of right-to-sue on June 27, 2023.[3] *See* Doc. 1 ¶ 18. Her complaint was filed 91 days later, on September 26, 2023. *See id.* at 1. However, Title VII's statutory limitation period only began to run once Plaintiff received actual notice of the EEOC decision, and nothing in her complaint suggests Plaintiff received the EEOC notice immediately. The Court draws the reasonable inference that there was at least a day of ordinary postal delay between when the EEOC printed its notice and when Plaintiff received it by mail. As such, the Court declines to dismiss Plaintiff's harassment claim as untimely under 42 U.S.C. § 2000e-5(f)(1). If discovery reveals Plaintiff had actual

---

[3] Plaintiff both refers to and attaches to her complaint a copy of her notice of right-to-sue from the EEOC, *see* Doc. 5 at 4, and so the Court may consider it as part of the complaint for pleading purposes. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

notice on June 27, 2023, Defendants are welcome to pursue their timeliness defense at the summary judgment stage.

The Court concludes that Plaintiff has adequately alleged a claim for sexual harassment against Pete's, and turns to Plaintiff's claims for age- and race-based harassment. Plaintiff alleges she received some remarks impugning her ability to do her job that may have been based on her age. Doc. 1 ¶ 35. This is not much, but given the relatively low standard for pleading harassment claims and the Court's duty to liberally construe *pro se* complaints, the Court finds Plaintiff has alleged enough about age-based harassment to put Defendant on notice and survive 12(b)(6) dismissal.

As for harassment on the basis of race, Plaintiff's allegations do not make clear whether she intends to press such a claim and nothing in the complaint suggests she was subject to any race-based harassment. To the extent Plaintiff asserts a Title VII claim against Defendants for race-based harassment, the Court dismisses such claims without prejudice and with leave to amend. The Court is cognizant that sexist remarks and innuendos can be inflected with racial under- or overtones, and so should Plaintiff desire, the Court invites her to amend her complaint to identify the race-based harassment she suffered, if any, while working at Pete's.

### ii. Discrimination

Plaintiff also asserts claims of discrimination on the basis of sex, race, and age. In an employment discrimination case, the plaintiff must show that "an adverse employment action was motivated by discriminatory animus." *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). Promotions withheld because of a plaintiff's race or other protected characteristic are actionable discrimination under Title VII and the ADEA. *See*, *e.g.*, *Nat'l R.R. Passenger Corp. v. Morgan*,

536 U.S. 101, 114 (2002) (discussing race-based discrimination); *Sinha v. Bradley Univ.*, 995 F.3d 568, 575 (7th Cir. 2021) (discussing age-based discrimination).

Plaintiff adequately pleads her discrimination claim. She alleges that promotions and "higher levels of salary and other benefits" went to younger employees of a different race than herself due to Pete's discrimination. *See* Doc. 1 ¶¶ 15-16, 26-27. That suffices to allege claims under the ADEA and Title VII for age- and race-based discrimination, respectively. Plaintiff also asserts she suffered "insulting remarks impugning her ability to do her assignment … based on age and gender." *Id.* ¶ 35. Liberally construing her *pro se* complaint, the Court finds Plaintiff has plausibly alleged a claim for sex-based discrimination, insofar as gendered comments by Defendants regarding her working ability support Plaintiff's belief that she was denied opportunities for advancement based on her sex. *See Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777-78 (7th Cir. 2022) ("A litigant's best shot at stating a plausible employment discrimination claim is to explain … what facts or circumstances lead her to believe her treatment was *because of* her membership in a protected class.") (emphasis in original).

Defendants cite inapposite cases about the evidentiary standard Plaintiff must meet to prevail on her claims at the summary or final judgment stages of litigation. Doc. 23 at 5-6, citing *Chaib v. Indiana*, 744 F.3d 974 (7th Cir. 2014) (appeal from summary judgment); *Martino v. W. & S. Fin. Grp.*, 715 F.3d 195 (7th Cir. 2013) (same); *Johnson v. General Bd. Of Pension & Health Benefits of the United Methodist Church*, 733 F.3d 722 (7th Cir. 2013) (appeal from summary and final judgment); *Pafford v. Herman*, 148 F.3d 658 (7th Cir. 1998) (appeal from summary judgment). These standards are inapplicable at the pleading stage. *Carlson*, 758 F.3d at 827. As for Defendants' argument about the timeliness of Plaintiff's discrimination claims, this

11

argument is no different from Defendants' argument about the timeliness of her harassment claims, and so the Court rejects them for the same reasons previously provided. *See supra* I(b)(i).

Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's ADEA and Title VII claims for age, race, and sex-based discrimination.

### iii. Retaliation

Plaintiff also alleges retaliation on the basis of her age, race, and sex. To plead a claim of retaliation under Title VII, a plaintiff must allege that she engaged in statutorily protected activity and was subjected to adverse employment action as a result. *Carlson*, 758 F.3d at 828; *see also Lauth v. Covance, Inc.*, 863 F.3d 708, 716 (7th Cir. 2017) (same standard for ADEA retaliation claims). A plaintiff engages in protected activity when she takes "some step in opposition to a form of discrimination" prohibited by Title VII. *Ferrill v. Oak Creek-Franklin Joint Sch. Dist.*, 860 F.3d 494, 501 (7th Cir. 2017). This could include filing formal EEOC charges, which is "the most obvious form of statutorily protected activity." *Greengrass v. Int'l Monetary Sys. Ltd.*, 776 F.3d 481, 485 (7th Cir. 2015). But it also includes less formal actions, such as vocalizing complaints about discrimination to the employer. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013).

Plaintiff sufficiently pleads retaliation. She alleges that in June 2022, she was removed from the work schedule and that she was subsequently terminated. This constitutes a materially adverse employment action. *Id.* (the "materially adverse action was reduction of assigned working hours"). Plaintiff also alleges that this termination came after Plaintiff had "made some statement about company discrimination in the workplace and sexual harassment." Doc. 1 ¶ 47. Liberally construed and drawing reasonable inferences in her favor, this is adequate to plead a retaliation claim.

Defendants' arguments for dismissing Plaintiff's retaliation claims are not persuasive. Defendants contend Plaintiff's complaint is "devoid of any purported adverse action taking place after the filing of her Charge," *see* Doc. 23 at 6, but Plaintiff has alleged vocalizing concerns and beginning the charge-filing process before her removal from the schedule in June 2022. Defendants also make certain factual assertions about the circumstances surrounding Plaintiff's June 2022 reduction in hours. *See* Doc 23 at 6-7. Defendants are entitled to develop and raise these types of factual argument on a motion for summary judgment. On a motion to dismiss, however, the Court may not go beyond the pleadings and so the Court declines to consider Defendants' additional facts at this procedural stage.

For the foregoing reasons, the Court finds Plaintiff has sufficiently alleged retaliation on the basis of age, race, and sex and denies Defendants' motion to dismiss her Title VII and ADEA claims against Pete's on these grounds.

## II. First Amendment claims

Counts IV and V of Plaintiff's complaint assert First Amendment claims against Defendants. Specifically, Plaintiff claims that Defendants violated her First Amendment rights by punishing her for speaking out about the conditions of her employment. The problem with these claims is that Defendants are not government actors and so are not subject to First Amendment liability under these circumstances. *Cf. Manhattan Community Access Corp. v. Halleck*, 587 U.S. 802, 808 (2019) ("The Free Speech Clause does not prohibit *private* abridgement of speech"). Plaintiff's complaint alleges nothing to suggest she is a public employee or that any of the Defendants are governmental actors. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's First Amendment claims against all Defendants.

### III. Section 1981

Plaintiff also asserts violations of 42 U.S.C. § 1981, which guarantees "the right to be free of racial discrimination in the making and enforcing of contracts," including employment contracts. *Morgan v. SVT, LLC*, 724 F.3d 990, 995 (7th Cir. 2013). Section 1981 plaintiffs must show that "(1) they are members of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the making and enforcing of a contract)." *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). "[T]he methods of proof and elements of a Section 1981 case are essentially identical to those in a Title VII case." *Morgan*, 724 F.3d at 995. Thus, for the most part, the sufficiency of Plaintiff's Section 1981 claim tracks with the sufficiency of her claims under Title VII. *Id*. Plaintiff's Section 1981 claim against Pete's survives dismissal because the Court has found she sufficiently alleged Title VII claims for racial discrimination and retaliation. *See supra* I(b)(ii), (iii).

Unlike Title VII, Section 1981 does permit individual liability. *See Bronson v. Ann & Robert H. Lurie Children's Hospital of Chicago*, 69 F.4th 437, 453 n. 9 (7th Cir. 2023). Thus, while Plaintiff's Title VII and ADEA claims against the five individual defendants were dismissed, the same is not automatically true for her Section 1981 claim. To state a Section 1981 claim against an individual, Plaintiff must allege some sort of personal involvement by that individual in the discriminatory conduct. *Cf. Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 753 (7th Cir. 1985). Defendants argue Plaintiff's claims against Nicholas Hoidas, Alita Benzanis, and Veronica Acuna must be dismissed because she has not alleged anything to suggest their personal involvement in the discriminatory and retaliatory conduct at issue.[4] With respect to

---

[4] Plaintiff's Section 1981 claim is not pled against Defendants Isabel Sanchez or James Dremonas.

14

Benzanis and Acuna, the Court agrees. Plaintiff's only allegation regarding Benzanis is that she held positions of employee-manager and accountant. Doc. 1 ¶ 12. Benzanis is also named in the case caption as Director of Human Resources and Strategic Development. Similarly, Plaintiff's only allegation as to Acuna is that she was employed at Pete's as an employee-manager. *Id*. ¶ 13. Even liberally construed, these allegations do not support the inference that either Benzanis or Acuna was personally involved in any of alleged the discriminatory or retaliatory acts suffered by Plaintiff, *i.e.*, the denied promotions and trainings and removal from the schedule after voicing concerns about discrimination and harassment. Indeed, Plaintiff alleges nothing to suggest either worked or interacted with Plaintiff at all.

The same cannot be said of Defendant Hoidas. Plaintiff alleges that Hoidas held a managerial position and sexually harassed her, which shows at minimum that they interacted. It also supports the reasonable inference that Hoidas was her supervisor and therefore had some influence over her working hours and ability to be trained or receive promotions. Thus, liberally construed, the Court concludes Plaintiff's allegations suffice to put Hoidas on notice of Plaintiff's Section 1981 claim against him for discriminatory and retaliatory acts.

For the foregoing reasons, the Court dismisses without prejudice Plaintiff's Section 1981 claims against Veronica Acuna and Alita Benzanis. The Court denies Defendants' motion to dismiss Plaintiff's Section 1981 claims against Pete's and Hoidas.

### IV. Intentional infliction of emotional distress

Plaintiff also alleges a claim against all Defendants for intentional infliction of emotional distress under Illinois state law. "To state a cause of action for this tort, a plaintiff must allege facts establishing: (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by plaintiff was severe; and (3) that defendant's conduct was such

15

that defendant knew that severe emotional distress would be certain or substantially certain to result." *Heying v. Simonaitis*, 466 N.E.2d 1137, 1143 (Ill. App. Ct. 1984). Recognizing that work often brings some emotional distress, Illinois courts limit recovery for intentional infliction of emotional distress arising out of the employment relationship to truly egregious circumstances. *See, e.g., Pavilon v. Kaferly*, 561 N.E.2d 1245, 1251–52 (Ill. App. Ct. 1990) (liability for employer that offered plaintiff money for sexual favors, subsequently fired her after she refused and then threatened to kill her, rape her, and to file a legal action challenging her rights to custody of her child, while also attempting to disrupt her new employment relationship).

Even liberally construing her *pro se* complaint, Plaintiff does not allege the level of outrageous behavior needed to state employment-related intentional infliction of emotional distress. To the extent Plaintiff pleads facts surrounding her emotional distress, many of them are clearly inadequate under Illinois law, including the emotional distress Plaintiff felt from being fired and that Plaintiff's self-esteem caused her to be particularly vulnerable to comments that she was not performing her job well. Doc. 1 ¶¶ 72, 73; *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001) (tort of intentional infliction of emotional distress is judged on an objective standard of what is "intolerable in a civilized community"). The closest Plaintiff comes is her allegations that Hoidas sexually harassed her in the workplace. Doc. 1 ¶¶ 19-21. Though her allegations suffice to state a claim for sexual harassment under Title VII, Plaintiff must provide the Court with more to sustain her intentional infliction of emotional distress claim. To be clear: it may well be that Plaintiff has access to additional facts about the outrageousness of Defendants' conduct and severity of distress suffered. But since such facts are not present in her current complaint, the Court dismisses Plaintiff's state law claim for intentional infliction of emotional distress without prejudice.

**CONCLUSION**

The Court grants in part and denies in part Defendants' motion to dismiss, as follows:

The Court grants Defendants' motion as to Plaintiff's Title VII and ADEA claims against James Dremonas, Nicholas Hoidas, Alita Benzanis, Isabel Sanchez, and Veronica Acuna. The individual defendants are dismissed from Counts I, II, and III with prejudice. The Court denies Defendants' motion to dismiss Plaintiff's Title VII and ADEA claims as to age-based and sexual harassment, discrimination on the basis of age, race, and sex, and retaliation on the basis of age, race, and sex. To the extent Plaintiff claims harassment based on race, the Court dismisses this claim without prejudice.

The Court grants Defendants' motion as to Plaintiff's claims under the First Amendment against all Defendants. Counts IV and V are dismissed without prejudice.

The Court denies Defendants' motion as to Plaintiff's claims under Section 1981 as to Pete's and Nicholas Hoidas. The Court grants Defendants' motion as to Alita Benzanis and Veronica Acuna and dismisses Plaintiff's claims in Count VI against these two Defendants without prejudice.

The Court grants Defendants' motion as to Plaintiff's claims for intentional infliction of emotional distress under Illinois law against all Defendants. Count VII is dismissed without prejudice.

To the extent the Plaintiff believes she can amend the complaint to resolve the problems identified in this opinion, she may do so by March 24, 2025. The Court reminds Plaintiff that any amended pleading must stand alone and contain all of the allegations she intends to proceed on without reference to any earlier filing. Plaintiff is not required to amend the complaint; if she

does not do so, the case will proceed with the charges identified above that have not been dismissed.

Dated: March 3, 2025

_____
APRIL M. PERRY
United States District Judge